Emma J. Cook, Plaintiff, *v.* Matthew A. Kane and Others, Defendants.

(Supreme Court, New York Special Term, August, 1917.)

Foreclosure — of mortgages — actions — receivers — judgments.

Where the grantee of land subject to a mortgage gives a second mortgage thereon the land is the primary fund for the payment of the first mortgage, though the grantee did not covenant to pay the same, and, upon foreclosure of the first mortgage, rents in the hands of the receiver who was also the receiver appointed in an action to foreclose the second mortgage should be applied on the judgment for deficiency entered in the action to foreclose the first mortgage.

7

MOTION to pass receiver's account in a foreclosure action, and for a direction as to the payment of the balance in his hands.

Louis Fabricant, for receiver.

Henry S. Cook, for plaintiff.

Charles J. Gerlich, Jr., for defendant Herman Roth.

GIEGERICH, J. · Upon this application by a receiver appointed in a foreclosure action to have his account allowed and commissions and attorney's fees fixed, a question is raised between the first mortgagee and the second mortgagee as to the proper disposition to make of the balance of rents in the receiver's hands amounting to $1,040, subject to the commissions and counsel fee to be allowed. The sale, which was had under the foreclosure of the first mortgage, resulted in a deficiency judgment of $313.58 in favor of the plaintiff and against the executors of Bridget C. Kane, deceased, who was upon the bond given in connection with that mortgage. The receiver was first appointed on August 3, 1916, in an action brought to foreclose the second mortgage. Subsequently, and on the 27th day of December, 1916, he was also appointed as receiver in the present action. All the rents embraced in the present action were collected subsequently to the appointment in this action. After giving the bond and mortgage for $18,000, the said Bridget C. Kane conveyed the premises to the defendant Matthew A. Kane, subject to that mortgage. Thereafter Matthew A. Kane gave to the defendant Herman Roth the second bond and mortgage in question in the sum of $3,500. On behalf of Herman Roth,

the holder of the second mortgage, which was cut off by the forclosure sale under the first mortgage, the court is asked to direct that the funds in the receiver's hands be paid to him as second mortgagee, and that the plaintiff be relegated to the collection of her deficiency judgment out of the estate of Bridget C. Kane, which is said to be sufficient to pay the deficiency, which is not disputed. In the alternative, it is asked on behalf of the defendant Roth that if the court directs the payment of the deficiency judgment out of the moneys in the hands of the receiver, then shall it also direct the plaintiff to make to Roth an assignment of such deficiency judgment. No briefs are submitted nor authorities cited; but it seems to me the question is controlled by the principle of *Murray* v. *Marshall*, 94 N. Y. 611, and *Spencer* v. *Spencer*, 95 id. 353, in which it was held that where an obligor and mortgagor conveys the mortgaged premises subject to the mortgage, although with no covenant on the part of the grantee to pay, the land becomes the primary fund for the payment of the debt and, to the extent of its value, the grantee stands in the relation of a principal debtor and the grantor has an equity similar to that of a surety. From this it follows that when Matthew A. Kane took the property by deed from Bridget C. Kane, subject to the first mortgage of $18,000, Bridget C. Kane became entitled, as against Matthew A. Kane and any one claiming under him as the defendant Roth, the second mortgagee, necessarily does in this case, to have the mortgaged property held primarily liable for the payment of the $18,000 mortgage. Either of the directions which the defendant Roth seeks to have the court make would be in direct violation of this right of the estate of Bridget C. Kane and cannot be made. The request of the receiver for an allowance of $100 for his compensation and of $75

for counsel fee is not opposed by any of the parties and seems to be reasonable, and the allowances as asked for are therefore made.

Ordered accordingly.